121 N.J. Super. 78 (1972)
296 A.2d 87
SYLVIA YOUNG AND WILHELMINA MAYS, PLAINTIFFS,
v.
EDITH GILBERT, EILEEN GILBERT, JAMES ZIMMERMAN, THOMAS FINLAND, CEDAR TAVERN CORPORATION, A NEW JERSEY CORPORATION, T/A FRONTIER ROOM AND KING PIN ALLEYS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 26, 1972.
*80 Mr. Leslie S. Kohn and Mr. Emanuel Needle, appeared for plaintiffs (Messrs. Kohn, Kirsch & Needle, attorneys).
Mr. Thomas M. Falkowski, for defendants James Zimmerman and Thomas Finland (Messrs. Gurry and Conlan, attorneys).
Mr. Jerome S. Lieb, for defendant King Pin Alleys (Mr. Donald B. Kaufman, attorney; Messrs. Lieb, Teich & Berlin, of counsel).
MILMED, J.S.C.
Defendant King Pin Alleys, a bowling establishment, cocktail lounge and snack bar, located in West Nyack, New York, served with summons and a copy of the amended complaint by certified mail, return receipt requested, moved to dismiss this personal injury auto negligence action for lack of jurisdiction in personam and for failure of the complaint to state "a cause of action" against it.[1] On the same grounds it also seeks summary judgment dismissing crossclaims against it for indemnity and contribution. Annexed to the notice of motion is the affidavit of Louis Pasternak, vice-president of Ripvan Corporation, a corporation of the State of New York, trading as King Pin *81 Alleys, the gist of which is that the corporation has no business contact or any type of contact with New Jersey and that its sole business is the operation of a bowling alley, restaurant and bar at its only location, i.e., at 20 Virginia Avenue in West Nyack, New York.
By their amended complaint plaintiffs, passengers in an automobile owned and operated by defendant Edith Eileen Gilbert, claim damages from all defendants for injuries sustained by them as a result of a collision between the automobile in which they were riding and an automobile owned by defendant Thomas Finland and operated at the time by defendant James Zimmerman. The collision occurred on Knickerbocker Road in Demarest in Bergen County in this State late on the night of December 12, 1969. In regard to defendants Cedar Tavern Corporation, a New Jersey corporation trading as Frontier Room, and King Pin Alleys, the amended complaint alleges, among other things, that they "were the owners and operators of certain premises engaged in the selling and serving of alcoholic beverages to the public"; that they
* * * negligently served alcoholic beverages to the defendants, James Zimmerman and Thomas Finland causing them to become intoxicated and become involved in * * * [the] motor vehicle collision * * *;
and that they
* * * served alcoholic beverages to the defendants, James Zimmerman and Thomas Finland, in violation of State and local law and are therefore liable to plaintiffs by reason of strict liability in tort.
The depositions of Louis Pasternak and James Zimmerman were taken upon oral examination and used on the motion. It appears that defendant James Zimmerman, 20 years of age at the time of the collision, was driving defendant Finland's car when it was involved in the collision on the night of December 12, 1969. He and defendant Finland, who was 21 years old at the time, had been together continuously that *82 night from about 7 P.M. They both lived in Bergenfield. Starting at defendant Zimmerman's home, each had two cans of beer. They then proceeded to New York, stopping along the way for about 20 to 30 minutes at the Frontier Room, a tavern, in Dumont in Bergen County, and having while there four or five glasses of beer. They then left for New York, arriving at the King Pin Alleys in West Nyack at about 8 o'clock in the evening.
It further appears from the deposition of defendant Zimmerman that King Pin Alleys was well known in the Bergenfield area; that during the course of the evening on December 12, 1969 about 30 people were in the cocktail lounge, about half of them from the Bergenfield area; and that the "approximate age group" of those in the cocktail lounge at the time he was there was "Seventeen through twenty." While he and defendant Finland were at the cocktail lounge of the King Pin Alleys, each consumed between 12 and 14 bottles of beer, each bottle containing 12 ounces of beer. At this cocktail lounge they also engaged in a "chug-a-lug" contest, which involved attempting to consume the contents of a bottle of beer by one uninterrupted long drink. Neither had anything to eat at the Frontier Room or at King Pin Alleys, and neither of them was refused service by either of the two bartenders on duty at the cocktail lounge of King Pin Alleys.
At about 11:30 that night when they left King Pin Alleys to go home to Bergenfield, each was intoxicated. Defendant Finland drove the car for about ten minutes to Knickerbocker Road, in Norwood in Bergen County, when he said he was too intoxicated to drive and turned the car over to defendant Zimmerman. After taking over the driving of the car, Zimmerman drove south from Norwood into Demarest, where the accident occurred. He drove "in excess of a hundred, to a hundred and twenty miles an hour" on Knickerbocker Road, a two-lane roadway, one lane for traffic in each direction, the posted speed limit being 40 miles an hour. He drove the car back and forth from one lane *83 to the other and "made a three car pass just prior to the accident and almost had a head-on collision" with a car going in the opposite direction. He approached the intersection where the collision occurred traveling at 100 miles an hour.
As previously indicated, defendant King Pin Alleys contends that the court has no in personam jurisdiction over it since it is a New York corporation and has no business contacts with New Jersey. Mr. Pasternak, vice-president of Ripvan Corporation trading as King Pin Alleys, resides in Fair Lawn in Bergen County in this State. He testified that King Pin Alleys has only one business location and that is at 20 Virginia Avenue in West Nyack, New York, and that he is the accountant for the business and also manages its day-to-day operations. Alcoholic beverages are served on the premises to anyone over 18 years of age. Some of the supplies for the bar are purchased from an establishment in Fort Lee in Bergen County. Life insurance coverage for the employees and officers of the corporation is provided by an insurance company in Newark. King Pin Alleys does no advertising for business in New Jersey. Pasternak's residence in Fair Lawn is 22 miles from the King Pin Alleys in West Nyack, which is five to seven miles from the New Jersey State line. He has observed New Jersey cars parked in the parking lot of King Pin Alleys. He maintains, however, that the number was small since their business is dependent on local trade.
So much for the factual setting of the motion now before the court. At the outset, in dealing with the legal sufficiency of the amended complaint, plaintiffs are "entitled to a liberal interpretation of its contents and to the benefits of all of its allegations and the most favorable inferences which may reasonably be drawn from them." Rappaport v. Nichols, 31 N.J. 188, 193 (1959). Applying this well settled principle to the allegations of the amended complaint in this action, it is clear that this pleading, as against the *84 defendant King Pin Alleys, sets forth, under the substantive law of this State, a common law action grounded on negligence. Id.
As previously indicated, the amended complaint alleges, among other things, that defendant King Pin Alleys owned and operated premises engaged in selling and serving alcoholic beverages to the public and that it negligently served alcoholic beverages to the defendants Zimmerman and Finland, causing them to become intoxicated and involved in the motor vehicle collision which is the subject of this litigation. Accordingly, the amended complaint as against King Pin Alleys sets forth a claim upon which relief can be granted. It follows that if this defendant is amenable to suit in this State, the determination of that claim must await a plenary trial. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74 (1954).
Both in New Jersey and in New York the sale of alcoholic beverages by a tavern keeper to a person "actually or apparently" intoxicated is unlawful. See Rule 1 of State Regulation No. 20, Division of Alcoholic Beverage Control; Division of Alcoholic Beverage Control in the Department of Law and Public Safety v. Bruce Zane, Inc., 99 N.J. Super. 196, 198 (App. Div. 1968); and Alcoholic Beverage Control Law (New York), § 65(2), 3 McKinney's Consolidated Laws of New York Annotated, c. 3-B, Alcoholic Beverage Control Law, § 65(2) at 89. In this State, if the tavern keeper knows, or should know, that the patron is intoxicated, his service to him of alcoholic beverages may also constitute common law negligence. In such a situation the unreasonable risk of harm, not only to the intoxicated person "but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent." Rappaport v. Nichols, supra, 31 N.J. at 202. While under these circumstances liability for damages is, in this State, grounded in common law negligence, liability for *85 damages in New York proceeds from its version of the "Dram Shop Act," General Obligations Law, § 11-101, 23A McKinney's Consolidated Laws of New York Annotated, c. 24-A, General Obligations Law, § 11-101 at 538. Paragraph 1 of that statute reads as follows:
Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.
And see, Mitchell v. Shoals, Inc., 19 N.Y.2d 338, 280 N.Y.S.2d 113, 227 N.E.2d 21 (Ct. App. 1967).
Our applicable long-arm rule, R. 4:4-4(c)(1), authorizes substituted service of process on a foreign corporation, where service cannot be made in one of the other ways set forth in that rule, "consistent with due process of law, * * * by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office." The purpose of the rule is "to vest our courts with jurisdiction over foreign corporations to the outer limits permitted by due process." Schaffer v. Granit Hotel Inc., 110 N.J. Super. 1, 3-4 (App. Div. 1970); Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331, 336 (App. Div. 1970); Roland v. Modell's Shoppers World of Bergen County, 92 N.J. Super. 1, 7 (App. Div. 1966). And see, Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971).
In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court of the United States held that:
* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it *86 such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102]
See also, McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and J.W. Sparks & Co. v. Gallos, 47 N.J. 295 (1966). As noted in Schaffer v. Granit Hotel Inc., supra.
Those demands of due process may be met by such contacts of the corporation with the State or the forum as make it reasonable to require the corporation to defend the particular suit which is brought here. Amercoat Corp., supra, [108 N.J. Super.] at 340; Corporate Development Specialists, Inc., supra [Corporate Development Specialists, Inc. v. Warren-Teed Pharmaceuticals, Inc.], 102 N.J. Super. [143] at 148. There is a steady trend toward expanding the permissible scope of state jurisdiction over foreign corporations and other non-residents. Id., at 149. The application of the rule to each case depends upon the facts in that particular case. Roland, supra [92 N.J. Super.], at 6. [110 N.J. Super. at 4]
The question remains whether King Pin Alleys had such "minimum contacts" within this State "that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" In light of the total factual setting presently before the court on this motion, I am satisfied that it unquestionably did. This despite the fact that its sole substantial contact with New Jersey was the sale by it, at its cocktail lounge in New York, of alcoholic beverages to a defendant resident of this State who became intoxicated at the cocktail lounge and, while driving home in this State, became involved in the auto collision which is the subject of the suit.
In the present case King Pin Alleys' sole business location is in West Nyack, New York. It does purchase some of its supplies from an establishment in this State and also maintains life insurance coverage for its employees and officers through an insurance company in this State. While such "contacts" in themselves may be insufficient for New Jersey *87 to exercise jurisdiction in respect of the nonrelated cause of action, based upon long-arm service, in this case (see "Developments in the Law  State-Court Jurisdiction," 73 Harv. L. Rev. 909, 926 (1960), 1 Restatement, Conflict of Laws 2d [1971], § 49 at 178, and Corporate Development Specialists, Inc. v. Warren-Teed Pharmaceuticals, Inc., 102 N.J. Super. 143, 151-152 [App. Div. 1968], certif. den. 52 N.J. 535 [1968]), there do exist compelling reasons for holding this defendant King Pin Alleys, amenable to suit here on the claim set forth against it in the amended complaint.
There clearly is no special inconvenience to this defendant, since New Jersey and New York are contiguous, King Pin Alleys' single business location being no more than seven miles from the New Jersey State line. Its management had on occasion observed New Jersey cars parked in its parking lot, but maintains that the business is dependent on local trade. On the other hand, the difference in the minimum age requirements for service of alcoholic beverages in New York and New Jersey has long been a matter of common knowledge, sales being prohibited to minors under 18 in New York and under 21 in New Jersey. See Alcoholic Beverage Control Law (New York), § 65(1), and N.J.S.A. 33:1-77. In this context should be noted the observations of defendant Zimmerman that on the night of the accident there were about 30 people in the cocktail lounge, that their approximate age group was "Seventeen through twenty," and that about half of them were from the Bergenfield, New Jersey, area. Plaintiffs are, on the motion now before the court, "entitled to the benefit of every favorable inference of fact." Di Christofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957); and see, Independent Dairy Workers Union of Hightstown v. Milk Drivers and Dairy Employees Local No. 680, 23 N.J. 85, 89 (1956). Assuming, therefore, as the amended complaint alleges, that King Pin Alleys unlawfully and negligently sold alcoholic beverages to Zimmerman causing his intoxication, which in turn caused or contributed to his negligent operation of Finland's car *88 which he was driving at the time of the accident, a jury could reasonably find not only that plaintiffs' injuries resulted in the ordinary course of events from Zimmerman's negligence and that such negligence was a substantial factor in bringing about such injuries, but additionally, that Zimmerman's negligent operation of the car while driving home after leaving King Pin Alleys in an intoxicated state was an event which King Pin Alleys, under all of the circumstances, could reasonably have foreseen. See, Rappaport v. Nichols, supra, 31 N.J. at 204. The dangerous effects of Zimmerman's driving while intoxicated, which actually occurred on a two-lane roadway in New Jersey while he was on his way home from the drinking spree in the King Pin Alleys' cocktail lounge, could easily have been anticipated. Accordingly, regardless of any other relationship of defendant King Pin Alleys to this State, I am convinced that permitting plaintiffs to maintain this suit against this defendant in this court does not offend "traditional notions of fair play and substantial justice." This holding finds direct support in the Official Draft of Restatement, Conflict of Laws, 2d. Cf. Roche v. Floral Rental Corp. et al., 95 N.J. Super. 555 (App. Div. 1967), aff'd o.b. 51 N.J. 26 (1968).
1 Restatement, Conflict of Laws 2d (1971), § 50 at 178-179, states:

Foreign Corporations  Causing Effects in State by Act Done Elsewhere
A state has power to exercise judicial jurisdiction over a foreign corporation which causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of these effects and of the corporation's relationship to the state makes the exercise of such jurisdiction unreasonable.
This rule is the same as that applicable to individuals as stated in § 37 Ibid. at 156. In the discussion of the rationale of the rule, following § 37, it is pointed out that "A state has a natural interest in the effects of an act within its territory even though the act itself was done elsewhere." Specifically in regard to situations in which "the act, although *89 not done with the intention of causing effects in the state, could reasonably have been expected to do so," the discussion points out, among other things, that
* * * Another factor of significance is the nature and quality of the effects which occur in the state. The state may exercise judicial jurisdiction over the defendant if the effects which could have been anticipated and which actually occurred are of a sort highly dangerous to persons or things. This is so even though the defendant has no other relationship to the state. [at 158]
See also, Comment, "Conflict of Laws  Tavern Owner Liability-Extraterritorial Effects," 14 Rutgers L. Rev. 618 (1960).
An order denying the motion will be entered.
NOTES
[1] Following the filing of an answer and the notice of motion to dismiss on behalf of the defendant King Pin Alleys it appears, from a return of service filed in the action, that another summons, addressed to King Pin Alley c/o Louis Pasternak, V.P. at his residence in Fair Lawn, New Jersey, together with an additional copy of the amended complaint, was hand-delivered to this officer of the corporation at the Bergen County Sheriff's office.