THOMAS CLEMENTS, Plaintiff-Appellee, *v.* BARNEY'S SPORTING GOODS STORE *et al.*, Defendants.—(SIGNA CORPORATION, Defendant-Appellant.)

First District (5th Division)   No. 79-1089

Opinion filed May 9, 1980.

M. M. Loman, of Chicago, for appellant.

Siegan & Weisman, Ltd., of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal raises the frequently litigated question of when has a foreign corporation submitted itself to the jurisdiction of our courts by the transaction of business within this State. (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)(a).) Plaintiff, Thomas Clements, brought this action to recover damages for breach of warranty against defendant, Signa Corporation. According to plaintiff's complaint, he purchased a motor boat from Barney's Sporting Goods, an Illinois corporation, in 1974. The boat was manufactured by defendant, and defendant has allegedly breached its warranty of fitness for a particular purpose. Plaintiff further alleges that defendant, an Indiana corporation, is subject to the jurisdiction of Illinois courts under the "transaction of business" section of the Illinois long-arm statute (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)(a)), because of its sale of this boat to Barney's Sporting Goods in Illinois. Although defendant was served with summons, it failed to enter an appearance in this case. A default order was entered against defendant and, subsequently, an ex-parte judgment of $6,220 was entered against defendant. Approximately one month later, defendant filed a special and limited appearance and affidavit contesting the jurisdiction of the trial court to enter a default judgment against defendant. A counteraffidavit was filed by the plaintiff.

The affidavit of defendant's authorized agent, M. M. Loman, states that defendant is an Indiana corporation with its principal place of business in Decatur, Indiana. Defendant has no office in Illinois and no agent authorized to do business on its behalf within Illinois. All shipments of merchandise sold by defendant are f.o.b. Decatur, Indiana.

Plaintiff's affidavit states that in 1974 he saw defendant's boats on display at the Chicago Boat Show. In addition, literature on defendant's boats was distributed at the Chicago Boat Show. Several boating magazines, delivered to plaintiff in Illinois, contained advertisements for defendant's boats. Plaintiff has also seen defendant's boats on display at Barney's Sporting Goods Store in Palatine, Illinois, where he eventually purchased the boat. A written warranty issued by defendant was delivered to plaintiff in Illinois.

After a hearing on defendant's motion, the trial court ruled for defendant. Plaintiff moved for a rehearing, and at the rehearing, the trial court reversed its earlier ruling. Defendant's subsequent motion for rehearing was denied by the trial court. Defendant now appeals.

Plaintiff seeks to sustain jurisdiction over defendant under the Illinois long-arm statute. (Ill. Rev. Stat. 1977, ch. 110, par. 17.) Section 17 provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (a) The transaction of any business within this State;
>
> ✻ ✻ ✻
>
> (3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section."

The purpose of section 17 is to exert in personam jurisdiction over nonresident defendants to the extent permitted by the due process clause of the fourteenth amendment to the United States Constitution. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673.) Due process requires the existence of sufficient "minimum contacts" between the forum State and the nonresident defendant so that the exercise of personal jurisdiction is consistent with traditional notions of fair play and substantial justice. (*Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569; *International Shoe Co. v. Washington* (1974), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.) This determination is to be made on the facts of each case and turns on an assessment of the quality and nature of defendant's activities. (*Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1238.) Thus, we must decide whether defendant has by some voluntary act or conduct purposely availed itself of the privilege of conducting business within Illinois and thereby invoked the benefits and protection of Illinois law. *Hanson; Forty-Eight Insulations, Inc. v. Johns-Manville Products Corp.* (N.D. Ill. 1979), 472 F.Supp. 385.

After examining the affidavits submitted by both parties, we believe the defendant has intentionally and consistently engaged in practices designed to promote sale of its boats in Illinois. By displaying its boats and distributing literature at the Chicago Boat Show, advertising in magazines which have Illinois subscribers, and selling its boats to Illinois retailers, defendant has entered the Illinois marketplace and invoked the benefits and protection of Illinois law. Defendant's conduct constitutes direct solicitation of Illinois customers. Solicitation of business inside the State of Illinois has been found sufficient to sustain personal jurisdiction over a nonresident defendant. (*Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 370 N.E.2d 1106; *Scovill Manufacturing Co. v. Dateline Electric Co.* (7th Cir. 1972), 461 F.2d 897.) Additionally,

defendant has indirectly entered the Illinois marketplace through the sale of its boat to the Illinois corporation, Barney's Sporting Goods Store. Although defendant was not a participant in the sale of this boat to the plaintiff, we believe defendant cannot insulate itself from the jurisdiction of our courts by using an intermediary or by professing ignorance of the ultimate destination of his goods. (*Dalton v. Blanford* (1978), 67 Ill. App. 3d 91, 383 N.E.2d 806.) In *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 442-43, 176 N.E.2d 761, 766, our supreme court said:

> "As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products. Advanced means of distribution and other commercial activity have made possible these modern methods of doing business, and have largely effaced the economic significance of State lines. By the same token, today's facilities for transportation and communication have removed much of the difficulty and inconvenience formerly encountered in defending lawsuits brought in other States.

> Unless they are applied in recognition of the changes brought about by technological and economic progress, jurisdictional concepts which may have been reasonable enough in a simpler economy lose their relation to reality, and injustice rather than justice is promoted. Our unchanging principles of justice, whether procedural or substantive in nature, should be scrupulously observed by the courts. But the rules of law which grow and develop within those principles must do so in the light of the facts of economic life as it is lived today. Otherwise the need for adaptation may become so great that basic rights are sacrificed in the name of reform, and the principles themselves become impaired."

Although the *Gray* court was applying the "commission of a tortious act" section of the long-arm statute (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)(b)), we believe its analysis is equally applicable to the "transaction of business" section of that statute. (See *Ziegler v. Hodges* (1967), 80 Ill. App. 2d 210, 224 N.E.2d 12; *Koplin v. Thomas, Habb & Botts* (1966), 73 Ill. App. 2d 242, 219 N.E.2d 646.) Accordingly, we believe that defendant has transacted business as provided in section 17(1)(a) of the Civil Practice Act.

Section 17(3) of the long-arm statute mandates that plaintiff's cause of action arose from the jurisdictional acts of defendant. A cause of action arises from a defendant's jurisdictional acts where it lies in the wake of defendant's commercial activities by which defendant submitted to the

jurisdiction of the Illinois courts. (*Morton; Dalton.*) We have previously held that "[w]here the jurisdictional activities consist of the solicitation of sales, a cause of action arising from the consequences of such a sale comes within the *statutory definition of section 17(3)." (Morton,* 55 Ill. App. 3d 369, 373, 370 N.E.2d 1106, 1110; see also *Dalton; Koplin.*) In this case, plaintiff's purchase of the defective boat was, at least in part, a result of defendant's solicitation in Illinois. Therefore, we hold that defendant has submitted itself to the jurisdiction of our courts under section 17(1)(a) of the Illinois long-arm statute. The order of the circuit court denying defendant's motion to reconsider is hereby affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.