GEORGE DeVRIES *et al.*, Guardians of Renee DeVries, Plaintiffs-Appellees, v. BANKERS LIFE COMPANY, Defendant-Appellant.

First District (5th Division)   No. 84—0544

Opinion filed November 9, 1984.

Louis C. Roberts and Larry A. Hoellwarth, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellant.

Sweeney & Riman, Ltd., of Chicago (Georgene M. Wilson, of counsel), for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal was brought by defendant under Supreme Court Rule 306 (87 Ill. 2d R. 306) from an order denying its motion to dismiss plaintiffs' action on grounds of *forum non conveniens*.

It appears that on May 11, 1981, Renee DeVries (Renee), then a resident of Iowa and a speech therapist for the Iowa public school system, swallowed 78 tablets of Asendin, an antidepressant prescribed for her by an Iowa psychiatrist. Her boyfriend took her to the University of Iowa Hospital in Iowa City, Iowa, where she remained until she was transferred to Madison General Hospital in Madison, Wisconsin, on May 29, 1981. She is currently a resident of DePere, Wisconsin, and because of her disabled condition, plaintiffs (her parents), residing in Waupun, Wisconsin, were appointed her guardians by the circuit court of Fond Du Lac County, Wisconsin.

As an Iowa public school employee, Renee was covered by a group long-term disability policy underwritten by defendant and issued to the Iowa Association of School Boards Public School Trust as policyholder. After she was denied disability benefits by defendant on the basis of a provision in its policy excluding coverage for intentionally self-inflicted injuries, plaintiffs brought this action on behalf of Renee seeking a declaration of her rights under the policy and for the

benefits it provided. Defendant moved to dismiss, asserting that Illinois is a *forum non conveniens*. The trial court denied the motion after a hearing, and we granted defendant's petition for leave to appeal under Rule 306.

OPINION

■ We first address plaintiffs' argument that defendant, by failing to include a report of proceedings in its record on appeal, waived any error in the denial of its motion to dismiss. Supreme Court Rule 306 provides that the record on appeal "shall consist of whatever is necessary to present the questions for review" (87 Ill. 2d R. 306(b)), and while ordinarily it is necessary only to determine whether the record here contains sufficient information to present the *forum non conveniens* issue for review, plaintiffs argue that a transcript is absolutely necessary to review a trial court order for abuse of discretion. The cases they cited in their brief here, however, do not support this argument. Rather, they establish that the absence of a transcript, or a suitable substitute pursuant to Supreme Court Rule 323 (87 Ill. 2d R. 323), precludes review of only those issues whose merits depend on the omitted matters, such as questions concerning the sufficiency of the evidence (*Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 407 N.E.2d 964) or issues relating to the actual conduct of a hearing (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527). Another case cited by plaintiffs, *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131, is more supportive of defendant's position. There, this court held that the record was sufficient for review of the jurisdictional issue involved since all of the determinative facts were contained in the complaint and in an affidavit, both of which were included in the record.

During oral argument here, plaintiffs cited the additional case of *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958, which we also find to be nonsupportive. In *Foutch*, the finding that the trial court did not abuse its discretion in the denial of a motion to vacate was based not only on the fact that there was no transcript of the hearing, but also because it was otherwise impossible to determine the reason for the trial court's ruling where its order did not state grounds for the denial and no memoranda were filed by the parties. Here, memoranda and affidavits of the parties are in the record on appeal, and the trial court's order stated that the denial was based "upon the representation by plaintiffs' attorney that it is his intention to call Illinois expert witnesses to present its case."

■ In the case before us, all of the relevant facts are included in the record presented. Both parties have asserted in their briefs here only those facts contained in the complaint, memoranda, and affidavits filed in the trial court, and it is thus not necessary to resort to specific arguments advanced by counsel at the hearing on the motion. (See *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.) We therefore believe the record is sufficient for review of the *forum non conveniens* issue.

■ We turn, then, to defendant's contention that the trial court abused its discretion in denying the motion to dismiss. Although broad discretion is vested in the trial court to determine whether dismissal on grounds of *forum non conveniens* is warranted, its decision will be reversed on appeal if its discretion was abused. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417.

■ We initially note that defendant's status as an insurance company doing business in Illinois is not controlling for purposes of a *forum non conveniens* analysis, since the doctrine assumes that more than one forum can obtain jurisdiction over a defendant.[1] (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411.) Here, defendant's activities in Illinois simply provide a basis for jurisdiction, and have no other connection with this litigation.

■ ■ Because *"[f]orum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration"* (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730), the proper inquiry analyzes the relative convenience of the fora, and in this regard, certain factors—involving the public interest as well as the private interests of the litigants—must be balanced by the trial court in ruling on a *forum non conveniens* motion (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839). Although plaintiffs correctly argue that a plaintiff's choice of forum is generally accorded great weight and will not be disturbed unless the balance of factors strongly favors the defendant, a plaintiff's choice is entitled to less deference when, as here, plaintiff chooses a foreign forum. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792.

---

[1]Plaintiff does not deny that jurisdiction may also be obtained over defendant in Iowa.

■ It is in the light of those standards that we must determine whether the trial court here abused its discretion in balancing the relevant factors which, with respect to the private interests of the litigants, have been stated as follows:

" 'Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.' " *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372, 444 N.E.2d 157, 160, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

■ The first factor in the private-interest analysis, as stated in *Jones*, is the relative ease of access to sources of proof. Since it is the contention of plaintiffs here that Renee's disability was not self-inflicted but was caused by negligence in her hospital emergency room care, it appears that documentary evidence necessary to sustain or negate her position is located in Iowa.[2] Her medical records are at the University of Iowa Hospital, in Iowa City, the records of her psychiatrist are in Cedar Rapids, Iowa, and the documents of defendant concerning her disability claim are located in its Des Moines, Iowa, home office. Contrary to plaintiffs' assertion, the location of this documentary evidence is a factor which favors the Iowa rather than the Illinois forum.

■ The second factor in the analysis concerns the location and availability of witnesses. Plaintiffs argue that the only relevant witnesses will be medical experts who will testify as to the standard of care required in the emergency room and whether it was exercised in this case. Plaintiffs represented to the trial court that they intended to employ Illinois expert witnesses for this purpose, and only this representation is mentioned by the trial court in its order as a basis in denying the motion to dismiss. It appears to us, however, that a plan to employ expert witnesses located in a desired forum should be given little, if any, consideration in determining convenience, since plaintiffs

[2]Plaintiffs indicated in their trial court memorandum that the documentary evidence is in defendant's possession. Although some of Renee's later medical records may be located in Wisconsin, where she currently resides, none of the documentary evidence was originally located in Illinois.

would thus be able to circumvent the doctrine. (*Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792.) Additionally, although plaintiffs argue that the medical malpractice of emergency room personnel, which they claim was the cause of Renee's disability, may be established by use of medical records and expert witnesses located here, we believe that defendant should certainly have the opportunity to counter plaintiffs' evidence with the testimony of the treating physicians. Defendant stated in its trial court affidavit that it would probably call the treating physician in the emergency room and another staff member of the Iowa hospital's department of medicine, both of whom currently live in Iowa City and would not be subject to the subpoena power of the Illinois courts. It is generally accepted that physicians resist giving testimony in court (*Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792), and it seems unlikely that Renee's treating physicians would be willing to travel to Chicago to testify in this case. Although plaintiffs argue that defendant could take evidence depositions if it wishes to use the physicians' testimony, it is recognized that depositions are an inadequate substitute for live testimony (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157); thus, consideration of the witnesses likely to testify indicates that the trial would more conveniently be held in Iowa.

Furthermore, determination of Renee's right to benefits will depend on the interpretation of the policy language "due to intentionally self-inflicted injury," which could require such "occurrence" witnesses as Renee's boyfriend, her psychiatrist, and perhaps her former co-workers, all of whom apparently reside in Iowa. Clearly, an Iowa trial would be more convenient for all witnesses whose interests are entitled to consideration in a *forum non conveniens* analysis.

The other factors to be considered, a possible jury view of the site and the enforceability of a judgment, are neutral factors in this case. Neither party asserts that it would be helpful to visit the emergency room or any other location. Plaintiffs do suggest that their ability to enforce a judgment against defendant in the circuit court of Cook County constitutes a factor which supports its choice of an Illinois forum. However, personal jurisdiction over defendant is also available in Iowa, so this factor does not favor either litigant. We also note that, although plaintiffs' attorney is located in Illinois, residence of counsel is not relevant in making a *forum non conveniens* determination. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.) The private interest factors, then, weigh strongly in

defendant's favor, since none support plaintiffs' choice of the Illinois forum.

We must also consider the public interest factors involved in this case.

> " 'Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation \*\*\*. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.' " *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373, 444 N.E.2d 157, 160, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

The Illinois Supreme Court took notice of the congested dockets of the Cook County circuit courts in *Jones*, and we find little merit in plaintiffs' argument that this single additional suit will not add significantly to that congestion. Moreover, we note that not only is the county financially burdened by payment of jurors' fees and by providing court personnel and facilities, but the State judicial system is also burdened by being required to provide judicial personnel and the machinery for appellate review. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.) The *Wieser* court found no justification for imposing such burdens on the citizens and the judicial system, since the forum's only connection with the case—other than the bare jurisdictional requirement—was the residence of plaintiffs' counsel within the forum. The court noted that Illinois had no connection with the litigation, such as being plaintiffs' residence, defendant's principal place of business, or the place of the underlying incident. In the present case, we find a similar lack of connection between the forum and the litigation, and we believe the fact that plaintiffs intended to use Illinois expert witnesses does not provide sufficient factual connection with the litigation to justify imposition of the above-mentioned burdens on the citizens and court system of Illinois. (See *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792.) Additionally, the need to apply the law of a foreign jurisdiction is a significant factor favoring *forum non conveniens* dismissal (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73,

457 N.E.2d 417), and the parties here agree that this controversy will be governed by Iowa law and, more specifically, the Iowa Insurance Code. All public interest factors therefore favor *forum non conveniens* dismissal.

██ Finally, plaintiff argues that *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, is dispositive of the *forum non conveniens* issue. In *Reagor*, a personal injury action was filed by plaintiff in Porter County, Indiana, and an action concerning the underlying insurance coverage was filed in Cook County, Illinois. The court noted that practical considerations favored having both causes of action tried in Porter County, but, stating that it was confining its analysis strictly to the insurance action, the court still held—albeit with little actual discussion—that the factors relevant to a *forum non conveniens* determination did not weigh so strongly in defendant's favor as to justify denial of plaintiff's choice of forum. In the present case, we have carefully analyzed those factors based upon the recent Illinois Supreme Court decisions, and believe that none of the relevant factors favor plaintiffs' choice of forum. Plaintiffs' choice of an Illinois forum, foreign to them, rests solely on a jurisdictional basis and on factors not recognized as relevant by the Illinois courts. (See generally *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157.) Since all factors relevant to the *forum non conveniens* determination are either neutral or weigh in defendant's favor, we find that the denial of defendant's motion to dismiss constituted an abuse of discretion.

For the foregoing reasons, the order of the trial court is reversed, and this cause is remanded with directions to grant defendant's motion to dismiss.

As provided in *Foster v. Chicago & North Western Transportation Co.*, this disposition is also conditioned on defendant's waiver of any policy or statutory time-limitation defense if the cause is refiled in an appropriate forum within a reasonable time. If defendant refuses to waive any such defense, then plaintiffs should be given leave here to reinstate this case.

Reversed and remanded with directions.

MEJDA, P.J., and PINCHAM, J., concur.