JAMES WALKER, Plaintiff-Appellee, v. IOWA MARINE REPAIR CORPO-RATION, Indiv. and d/b/a Morris Harbor Service, Defendant-Appellant.

First District (2nd Division)   No. 84—2005

Opinion filed April 16, 1985.

---

Thompson & Mitchell, of East St. Louis, and Peterson, Ross, Schloerb & Seidel, of Chicago (Thomas R. Jayne, Dan H. Ball, and Clay H. Phillips, of counsel), for appellant.

Karlin & Fleisher, Ltd., of Chicago (Theodore A. Gilbert and David A. Novoselsky, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This action was brought by plaintiff, James Walker, pursuant to various provisions of the Merchant Marine Act, as amended, commonly known as the Jones Act. (46 U.S.C. sec. 688 *et seq.* (1982).) Plaintiff alleges in his complaint that he suffered injuries when he came into contact with the hydraulic rudder linkage system while working in the engine room aboard the Alice P. Klusak on February 8, 1983. The plaintiff was employed as an engineer on the ship at the time of the accident.

Additional facts are found in defendant's affidavit filed in support of its motion to transfer, to which plaintiff did not file a counteraffidavit. The affidavit recites that defendant is incorporated in Illinois with its principal places of business in Grundy County. Defendant's only other place of business is in Iowa. Defendant is not domiciled in Cook County, does not have any office or place of business in Cook County, and does not conduct any business in Cook County. At the time of the accident, the ship was operating on the Mississippi River a few miles north of St. Louis, Missouri, near Alton, Illinois, Madison County, approximately 250 miles from Chicago, Illinois. Plaintiff initially received medical assistance in Madison County, but his care was subsequently transferred to Galesburg Orthopedic Services, Ltd., in Knox County. Plaintiff resides in Galesburg and remains there through the present time. All of plaintiff's medical care thus occurred in either Knox or Madison County. Plaintiff was hired by defendant at its office in Grundy County, and all of his employment records are located there.

There were six crew members aboard the ship at the time of the injury. These persons are the only potential occurrence witnesses, and they reside in Madison County, Grundy County, Will County and Lebanon, Indiana. Other potential witnesses and their counties of residence include: the port engineer, La Salle County; defendant's vice-president, Grundy County; treating physicians, Knox and Madison Counties; and other unidentified persons, such as medical technicians, plaintiff's acquaintances and previous doctors, all of whom are probably located outside of Cook County.

Plaintiff filed his complaint in Cook County in February of 1984. On March 6, 1984, defendant filed a general appearance and answer denying liability. Thereafter, on March 27, 1984, defendant filed its motion to transfer for *forum non conveniens* to either Grundy or Knox County. Defendant's motion was supported by an affidavit of its executive vice-president, who handled all communications and correspondence relative to this suit, and a compilation of court statistics outlining the average time to termination for cases filed in the circuit courts of Illinois. Plaintiff's response to defendant's motion did not address the merits of defendant's argument, but rather asserted that defendant waived its right to object to venue by failing to so move prior to generally appearing and answering. Defendant filed a reply with supporting authority. On July 18, 1984, the trial court entered an order denying defendant's motion to transfer.

Defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) was granted by this court on September 18, 1984. No

transcript of the hearing on defendant's motion to transfer was included in the record certified to this court, and defendant's petition to supplement the record on appeal with said transcript was denied on October 30, 1984. The three issues presented for review are: (1) whether the absence of the trial court transcript precludes this court from properly reviewing the merits of defendant's appeal based upon an "abuse of discretion" standard of review; (2) whether defendant waived its right to file a motion to transfer for *forum non conveniens* by filing a general appearance and answering; and (3) whether the trial court abused its discretion in denying defendant's motion.

■ We first determine whether the absence of the transcript from the hearing on the motion to transfer precludes proper review in this court. The very nature of an appeal dictates that the reviewing court must have a sufficient record before it to determine whether the error claimed by the appellant exists. The burden rests on the appellant to provide a sufficient record to support the claim of error, and in the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Any doubts arising from the completeness of the record are resolved against the appellant. 99 Ill. 2d 389, 392.

In *Foutch*, the defendants had filed a motion to vacate a judgment entered against them at an *ex parte* hearing. The order of the trial court denying the motion noted that the court had heard evidence, heard arguments, and was advised in the premises. The record before the supreme court did not include a transcript from the hearing; it contained only the complaint, the defendant's answer denying some allegations and admitting others, the judgment order, the defendant's motion to vacate, and the order denying the motion. The supreme court stated: "As there is no transcript of the hearing on the motion to vacate here, there is no basis for holding that the trial court abused discretion in denying the motion." (99 Ill. 2d 389, 392.) The court found *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 190 N.E.2d 731, dispositive of the issue and stated as follows:

"It must be presumed that the denial of the motion was in conformity with the law and was properly supported by evidence. In *Skaggs v. Junis* (1963), 28 Ill. 2d 199, the plaintiff complained because the record failed to disclose the evidence heard by the trial court in support of an award made by the court. The plaintiff contended that it must be assumed that none was heard and that the award was, therefore, improper. In rejecting

the contention, this court held: 'The court stated that its order was based upon "the Court having heard the evidence and the arguments of counsel and being fully advised in the premises." In such a situation, unless there is a contrary indication in the order or in the record, it is presumed that the court heard adequate evidence to support the decision that was rendered. (*Smith v. Smith*, 36 Ill. App. 2d 55.) Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order. No record of the evidence heard on May 23 and 24 regarding the commission's claim is before this court and, therefore, it must be assumed that the evidence that was heard fully supported the court's finding that the commission was entitled to $3,989.40.' (28 Ill. 2d 199, 201-02.) The holding in *Skaggs* applies here." *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 393-94.

We find *Foutch* inapposite here because the record in the instant case contains all the relevant facts presented. Additionally, the trial court here could only have based its ruling on the pleadings and affidavits in the record presented, thus rendering the transcript nothing more than a memorialization of the arguments of the attorneys. The very issue that plaintiff contends precludes review was addressed in *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 471 N.E.2d 230. The *DeVries* court rejected the plaintiff's argument that the defendant had waived any error in the denial of its motion to dismiss for *forum non conveniens* by failing to include a report of proceedings in the record. The *DeVries* court interpreted *Foutch* and other similar cases as establishing the principle that the absence of a transcript "precludes review of only those issues whose merits depend on the omitted. matters, such as questions concerning the sufficiency of the evidence [citation] or issues relating to the actual conduct of a hearing [citation]." 128 Ill. App. 3d 647, 650.

The complaint on appeal here addresses the propriety of the trial court's denial of defendant's motion to transfer. The order does not recite that "evidence was heard." Rather, the order recites that the court read the briefs, which are included in the record, heard arguments of counsel, which are not evidence and a transcript of which is not necessary to this appeal, and was fully advised in the premises. The defendant's motion contains an uncontroverted affidavit, which is in the record. Also, the record contains a copy of the complaint, defendant's answer and affirmative defense, defendant's motion to transfer and supporting authority and affidavit, plaintiff's reply and

defendant's response. A transcript of the hearing on the motion containing the arguments of counsel, based upon the briefs which are in the record, is not necessary to support defendant's position on appeal. The fact that the trial court may have espoused certain reasons for its order not appearing on the face of the document does not support the necessity of a transcript on appeal where, as here, the record contains everything that was presented to the judge in support of or in opposition to the motion. All of the relevant facts, and evidence via defendant's affidavit, are included in the record here presented. Additionally, the briefs of the parties refer only to those facts contained in the complaint, affidavit and memoranda filed, thus obviating the need for this court to resort to specific arguments made by counsel at the hearing. (*DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 651, 471 N.E.2d 230.) The merits of defendant's appeal do not necessitate reference to the transcript. We find, therefore, that the failure to include the transcript in the record does not preclude appellate review.

■ The second issue for review is whether the filing of a general appearance results in a waiver of a party's ability to move to transfer for *forum non conveniens* on an intrastate basis. The gist of plaintiff's argument here is premised upon the assertion that, because defendant's motion is not entitled "motion to dismiss for *forum non conveniens*," it is actually an objection to the propriety of venue in Cook County seeking a transfer to a proper forum. Alternatively, plaintiff asks this court to equate a motion to transfer for *forum non conveniens* with a section 2—104 objection to venue. The argument goes, consequently, that defendant's general appearance, as opposed to an immediate objection to venue, is a waiver under section 2—104 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—104(b).) Plaintiff further asserts that his argument is supported by the distinction drawn in Supreme Court Rule 306 for discretionary appeals "from an order *** denying a motion to dismiss on the grounds of *forum non conveniens*" (87 Ill. 2d. R. 306(a)(1)(ii)) and "from an order *** granting or denying a motion for a change of venue based on the assertion that the defendant is not a 'resident' of the county in which the action was commenced, *** and no other legitimate basis for venue in that county has been offered by the plaintiff." 87 Ill. 2d R. 306(a)(1)(iv).

Plaintiff's attack on defendant's appeal, however, fails to note that Rule 306 was amended September 16, 1983, effective October 1, 1983. The amendment was ordered by our supreme court simultaneously with its filing of *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601. Spe-

cifically, Rule 306(a)(1)(ii) was amended to read as follows:

"Rule 306. Appeals from Orders of the Circuit Court Granting New Trials and Granting or Denying Certain Motions
(a) Procedure.
(1) *Petition for Leave to Appeal.* An appeal may be taken in the following cases only on the allowance by the Appellate Court of a petition for leave to appeal:
* * *
(ii) from an order of the circuit court denying a motion to dismiss on the grounds of *forum non conveniens,* or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds; \*\*\*." 94 Ill. 2d R. 306.

Plaintiff's characterization of defendant's motion as one challenging venue is without merit. The motion is labeled in accordance with the language used to amend Rule 306 in light of *Torres.* Additionally, this court has previously held that motions to dismiss for *forum non conveniens* should not be treated as objections to venue. (*Grant v. Starck* (1981), 96 Ill. App. 3d 297, 300, 421 N.E.2d 268, and cases cited therein.) For the following reasons, we shall not treat motions to transfer for *forum non conveniens* as an objection to venue susceptible to the waiver rule.

It has long been held, in cases involving *forum non conveniens* on an interstate basis, that the filing of a general appearance and answer does not result in a waiver of the right to file a motion to dismiss for *forum non conveniens.* (*Grant v. Starck* (1981), 96 Ill. App. 3d 297, 300, 421 N.E.2d 268; *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 487, 413 N.E.2d 178; *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 499, 334 N.E.2d 385.) The very nature of motions brought under the doctrine of *forum non conveniens* militates against the application of waiver. The motion, being based upon such criteria as the relative convenience of witnesses, the ease of access to proof, and the availability of compulsory process, generally necessitates a thorough investigation of the plaintiff's complaint through discovery procedures, which usually cannot be initiated until all the defendants appear. (87 Ill. 2d R. 201(d).) It should be noted, however, that there are outside limits to how long a party can wait before filing its motion to dismiss or decline jurisdiction for *forum non conveniens.* In *Herbert v. Louisville & Nashville R. R. Co.* (1985), 130 Ill. App. 3d 624, the appellate court affirmed the denial of defendant's motion to decline jurisdiction under *forum non conveniens.* There, defendant waited approximately 16 months after the

filing of plaintiff's complaint before filing its motion. The defendant had generally appeared, had filed a motion to dismiss count I of plaintiff's complaint, had filed an answer, had propounded interrogatories to plaintiff, had received plaintiff's answers and requested documents, had propounded supplemental interrogatories and requests for production and had taken plaintiff's deposition. Defendant finally filed its motion to decline jurisdiction 10 months after completing discovery, long after it had time to discover that a factual basis existed to file its motion and after the court had made a ruling on a substantive issue in denying defendant's motion to dismiss. The inherent unfairness to plaintiff in requiring him to refile his lawsuit, and suffer the concomitant delay of renewed discovery and waiting for trial in the new forum, convinced the court to deny defendant's motion. The appellate court affirmed the dismissal, stating that the motion should be filed at the earliest practicable opportunity, suggesting the first appearance date. The decision was grounded in considerations of fundamental fairness and sensible and effective judicial administration, and the court refused to treat the issue as one of waiver. (130 Ill. App. 3d 624, 627-28.) It can be seen therefore, that if a party does not move to dismiss or decline jurisdiction at its first appearance, or ask the trial court to extend the time in which the party must appear, or file the motion while requesting a reserved ruling pending some discovery, that its motion can and will be denied if the granting of the motion would have a deleterious impact on the other party.

■ Whether the same general rule of "non-waiver" or fundamental fairness should apply to cases seeking an intrastate transfer remains for consideration. In the *Torres* case, which is the vehicle by which intrastate transfers are now allowed in Illinois based upon *forum non conveniens*, it is not clear whether the defendant appeared generally before seeking the transfer, and no other intrastate transfer cases can be found. (In *Young v. Cerniak* (1984), 126 Ill. App. 3d 952, 467 N.E.2d 1045, the suit was filed before the prospective application date of *Torres*.) It should be noted though, that *Torres* adopted interstate *forum non conveniens* principles in whole. Also, the *Torres* court, in support of its decision to allow intrastate transfer, relied in part on *Horn v. Rincker* (1981), 84 Ill. 2d 139, 417 N.E.2d 1329.

In *Horn*, the supreme court ordered an intercircuit consolidation of three causes of action that arose from the same occurrence and were pending in three separate counties in Illinois. The petitioners initially sought to transfer venue, but had moved for the transfers long after they had all appeared and answered in each case. The supreme court stated, therefore, that any objection to improper venue had

been waived pursuant to section 8(2), now section 2—104 of the Code of Civil Procedure. (*Horn v. Rincker* (1981), 84 Ill. 2d 139, 145, 417 N.E.2d 1329.) However, relying on the underlying principles and reasoning of the doctrine of *forum non conveniens*, the supreme court nevertheless found it appropriate to order the consolidation. 84 Ill. 2d 139, 149-50.

We find the above principles authoritative in this intrastate case and find that defendant has not lost or waived its right to file the motion. The defendant here is not contesting venue, and could not do so because of the general appearance it filed. Rather, defendant is seeking a transfer allowable in this State since *Torres*, which, as stated, found all the principles of interstate *forum non conveniens* applicable to intrastate cases and refused to draw any artificial distinctions between the two. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.) The underlying rationale of *forum non conveniens* is the same on either an interstate or intrastate basis, further suggesting the need for similar treatment on a procedural level. Therefore, we find that the defendant did not lose or waive its right to seek a transfer for *forum non conveniens* after filing a general appearance and answer in the absence of any prejudice to plaintiff. Here, defendant filed its motion three weeks after it appeared, no discovery had yet been initiated, no substantive issues ruled upon; hence, no inherent unfairness to plaintiff could result. Contrary to plaintiff's suggestion, the fact that defendant has not yet initiated discovery does not warrant a rule treating two substantively similar motions in a disparate procedural fashion. In fact, the failure to initiate discovery suggests defendant is not satisfied with the forum chosen by plaintiff.

■■ ■ The final issue for review is whether the trial court abused its discretion in denying the defendant's motion. Plaintiff's major argument in support of the trial court's ruling is that defendant's motion to transfer and supporting affidavit are wholly inadequate to demonstrate the need to transfer this cause to a different county. It is important to note, however, that plaintiff did not file any counteraffidavit, nor did he object to defendant's affidavit in whole or in part with a motion to strike. The law is settled that "[t]he sufficiency of an affidavit cannot be tested for the first time on appeal where no objection was made in the trial court." (*Huffman v. Inland Oil & Transport Co.* (1981), 98 Ill. App. 3d 1010, 1017, 424 N.E.2d 1209.) Additionally, contrary to plaintiff's assertion, this motion and affidavit are not insufficient under *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 152 N.E.2d 385. The motion in *Cotton* vaguely referred to "occurrence witnesses" and "doctors." (14 Ill. 2d 144,

168.) Defendant's motion and affidavit here, however, specifically name fellow employees and their counties of residence, the port engineer and county of residence, the name of the medical center where plaintiff received treatment, the location of employment records and representatives of its company familiar with the case. At this stage of the litigation, some leeway in specificity must be given. (See *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252.) The contents of the motion and affidavit are sufficient to show therefore that information and witnesses necessary to the trial are located in counties far more convenient to this action than Cook. See *Haring v. Chicago & North Western Transportation Co.* (1984), 103 Ill. 2d 530, 533, 470 N.E.2d 288.

In determining whether a cause should be transferred, the *Torres* court emphasized the following factors:

> "In finding that the trial courts have such authority, we emphasize the factors to be taken into consideration in making the decision: the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. We also caution our trial courts that unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper.
>
> If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered, provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum." *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.

■ We find that the trial court abused its discretion in not transferring this case. A thorough review of the entire record demonstrates that this litigation has absolutely no connection with Cook County. In fact, it appears that the only contact with Cook County is the lawyers involved, and that Cook is a proper forum solely because defendant filed a general appearance, thus waiving its right to contest venue. Relying on the factors in *Torres*, it can be readily seen that plaintiff's choice of venue should not be favored, because not only do the factors balance strongly in favor of defendant, but no factors favor plaintiff's choice here other than the fact that plaintiff's lawyer is located in Chicago.

The first factor to be considered is whether an alternate forum is

available. The facts indicate that this suit can properly be brought in Grundy County, which is defendant's principle place of business, any other Illinois county where defendant is doing business or has an office, or Madison County, if that is where the accident allegedly occurred. Other forums are thus definitely available.

The second factor is the access to sources of proof. All of the proof for this case is located in counties other than Cook. The boat on which the accident happened operates on the Mississippi River, all of plaintiff's medical treatment occurred in either Madison or Knox counties, and all witnesses live in various downstate counties, namely Madison and Grundy. Thus, this second factor also favors a transfer from Cook County.

The third factor concerns the accessibility of witnesses. As stated, none of the witnesses reside anywhere near Cook County, other than perhaps the one crew member who lives in Will County. Even plaintiff resides outside of Cook County in Knox County. A downstate forum would certainly be more accessible to the witnesses involved in this case than would Cook County.

The fourth factor, focusing on the ability to receive a fair trial, does not seem applicable. There are no allegations of undue or pervasive publicity prejudicial to either side or other allegations suggesting an inability to receive a fair trial.

The fifth factor looks at the relative congestion of the court dockets. Defendant attached a compilation of statistics prepared by the Administrative Office of the Illinois Courts showing the number of cases disposed of and the average time to trial. Our supreme court took judicial notice of such statistics, and found them persuasive, in *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111. An available forum in this case, other than Cook County, is Grundy County. Knox County is not a proper county, and from the record there is no proof that the accident actually occurred in Madison County. We note incidentally that the congestion in Madison County is only slightly less than that being suffered in Cook County. (See *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384, 466 N.E.2d 198.) The statistics convincingly demonstrate that, in terms of congestion, Grundy County (13th Circuit) is a preferable forum to Cook County.

The final factor relates to the convenience of the parties. Obviously, plaintiff found it convenient to file in Cook County, even though he resides in Knox County. Defendant would certainly be inconvenienced defending this suit in Cook County because of the distance involved and the expense of producing witnesses here. When viewed as

a whole, there are no factors supporting plaintiff's choice of forum other than the bare desire to file suit here. The balance overwhelmingly weighs in favor of the defendant and the requested transfer.

We hold, therefore, that the trial court abused its discretion in denying defendant's motion to transfer, and we reverse that order. We remand this cause to the trial court with an instruction to order a transfer to Grundy County, Illinois.

Reversed and remanded.

HARTMAN and BILANDIC, JJ., concur.