## UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff,

v.

## John M. CREGOR, Jr. and Heidi Cregor, William McNally and Lorraine McNally, Defendants.

### No. 85 C 3260.

United States District Court,
N.D. Illinois, E.D.

Sept. 30, 1985.

---

David E. Morgans, Jacobs, Williams and Montgomery, Ltd., Chicago, for plaintiff.

John M. Cregor, Jr., Davis, Reid & Richards, Honolulu, Hawaii, Edward J. Griffin, Defrees & Fiske, Chicago, for defendants Cregor.

## ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction and proper notice or, in the alternative, to transfer this case to the United States District Court for the District of Hawaii. For the reasons stated herein, defendants' motions to dismiss and to transfer are denied.

## I. FACTS

The plaintiff United Services Automobile Association (USAA) is a citizen of the State of Texas while the defendants in this action, Heidi and John Cregor, are citizens of the State of Hawaii. The plaintiff seeks a declaratory judgment by this court removing any responsibility on the plaintiff's part for defending and indemnifying the Cregors in an underlying action brought by William and Lorraine McNally. The McNallys, citizens of Illinois, previously brought an action against the Cregors in the Illinois courts claiming that the Cregors committed fraud and breach of contract when the Cregors sold their Wilmette, Illinois home to the McNallys in April of 1983. USAA had issued three homeowners' insurance policies to the Cregors between 1980, when the Cregors lived in

Wilmette, and October of 1983, after they had moved to Hawaii.

After they were served in the McNally lawsuit, the Cregors tendered the defense of that lawsuit to USAA. USAA subsequently filed this declaratory judgment action.

The Cregors move to dismiss this declaratory judgment action on grounds of improper notice and lack of personal jurisdiction. In the alternative, the Cregors seek transfer of this action to the United States District Court for the District of Hawaii.

## II. DISCUSSION

### A. *Proper Notice*

▋ Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure provides the requirements for proper notice by mail. The above section states that a return envelope with prepaid postage must be enclosed with the summons and the complaint. In the present case, plaintiff apparently failed to submit the return envelope with prepaid postage. However, plaintiff's technical error was an oversight which did not greatly prejudice the defendant, if at all. Adequate notice was given and therefore this technical failure creates no basis for dismissal of the action. *SCM Corporation v. Brotherhood International Corp.*, 316 F.Supp. 1328, 1335 (S.D.N.Y.1970).

### B. *Personal Jurisdiction*

▋ Chapter 110, Section 2–209 of the Illinois Revised Statutes governs personal jurisdiction under the Illinois Long-Arm Statute. It provides the following grounds for assertion of personal jurisdiction over a nonresident:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State;

(4) Contracting to insure any person, property or risk located within this state at the time of contracting;

Since the defendants are no longer Illinois residents, the Court must determine whether their activities fall within subsections (1) and (4) of § 2–209.

### 1. *Transaction of Business Within Illinois*

In *Morton v. Environmental Land Systems, Ltd.*, 55 Ill.App.3d 369, 13 Ill.Dec. 79, 370 N.E.2d 1106 (1st Dist.1977), the Court found that the solicitation of a contract within the state was activity sufficient to constitute "transacting business" within Illinois. 370 N.E.2d at 1110. Certain Illinois decisions define "transacting business" as activity which invokes the benefit and protection of Illinois law. *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 396 (N.D.Ill. 1982). Other decisions have found personal jurisdiction where a substantial portion of the defendant's contractual duties are to be performed within the state. *Tabor & Co. v. McNall*, 30 Ill.App.3d 593, 333 N.E.2d 562 (4th Dist.1975); *see also First National Bank of Chicago v. Boelcskevy*, 126 Ill.App.3d 271, 81 Ill.Dec. 380, 466 N.E.2d 1182, 1185 (1st Dist.1984).

In this case, the underlying contract was signed by USAA and the Cregors to insure their Illinois home while the Cregors were Illinois residents. The policy insures a piece of property located in Illinois, the defendants' home. Furthermore, the policy would most likely be performed in Illinois. In light of these factors, the Court finds that the Cregors have transacted business in Illinois.

The defendants argue that their Illinois contacts relate only to the McNally lawsuit and not to the issue of personal jurisdiction in the instant case. The Court disagrees. This declaratory judgment action requires the Court to determine whether coverage exists to protect the Cregors in the McNally's underlying suit. If such coverage exists, it will flow from the policy which insured the Cregors' Wilmette, Illinois home. Consequently, if coverage exists under the policy, it will arise out of actions taken by the Cregors in relation to their Wilmette, Illinois home and the sale of it.

Furthermore, several Illinois cases have interpreted the statutory phrase "arising from" to require "only that the plaintiff's claim be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts." *Koplin v. Thomas, Haab & Botts,* 73 Ill.App.2d 242, 253, 219 N.E.2d 646, 651 (1st Dist.1966); *see also In Re Oil Spill by Amoco Cadiz,* 699 F.2d 909 (7th Cir.1983). Even if the alleged wrongful acts were discovered subsequent to the sale of the Cregors' Wilmette home, this dispute over coverage might lie in the wake of the activity involved in the ownership and sale of the home.

The defendants are correct in stating that the court cannot exercise jurisdiction over them with regard to the latter two homeowner policies. These two policies insure a risk located within the State of Hawaii, the Cregors' home there. In addition, at the time these latter two contracts were executed, the Cregors resided in Hawaii. The expectation of the parties is that an action concerning the Cregors' Hawaiian home will arise in Hawaii. The benefit and protection of Hawaiian law will likely apply to any of the contractual duties regarding the Hawaiian home. Therefore, the McNally lawsuit and this declaratory judgment action are unrelated to the policies which insure the Cregors' Hawaiian residence.

### 2. *Due Process*

Due process requires that personal jurisdiction be exerted only when it would not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Under *Shaffer v. Heitner,* this fairness requires an assessment of the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). *See also Madison Consulting Group v. State of S.C.,* 752 F.2d 1193 (7th Cir.1985). The facts of the instant case demonstrate that a substantial relationship exists be-

tween the defendants and the forum state to satisfy due process.

First, the facts that the Cregors were residents of Illinois at the time of the first policy's execution and that they initiated the negotiations leading to the first homeowners' policy are strong factors in favor of personal jurisdiction. *See O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176–77 (7th Cir.1971) (the fact that the defendant did initiate the negotiations leading to the contract by phoning the plaintiff is support for a finding of personal jurisdiction). Second, the likely performance of the first policy in Illinois, as contemplated by both parties, is a factor constituting another meaningful contact between defendants and Illinois. *Madison Consulting Group, supra,* 752 F.2d at 1204. In light of these factors, the Court concludes that there exist sufficient minimum contacts between the Cregors and Illinois for the exercise of personal jurisdiction.

### C. *Venue*

Defendants raise the issue that the Northern District of Illinois does not have proper venue over this cause of action. Venue in this case is governed by 28 U.S.C. § 1391(a) which provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Although the McNallys, co-defendants in this declaratory judgment action, reside in Illinois, the Cregors are now Hawaiian residents. Therefore, venue is to be determined by where the claim arose and not by where all defendants reside.

Under the identity approach, once personal jurisdiction exists in certain circumstances, the venue requirement is automatically satisfied. *Océ-Industries, Inc. v. Coleman,* 487 F.Supp. 548, 552 (N.D.Ill. 1980). In *Océ-Industries,* the court considered proper venue in a breach of contract action where personal jurisdiction over the defendant was based on the trans-

action of business in Illinois under the Illinois Long-Arm Statute. *Id.* The court concluded that where, as here, personal jurisdiction is premised on defendant's transaction of business within the state and where the cause of action sued upon is one "arising from" the defendant's transaction of business, the cause of action arose within that state for purposes of venue under 28 U.S.C. § 1391(a). In the present case, the Court finds the identity approach set forth in *Océ-Industries, supra,* to be legally and factually dispositive of the venue question. Therefore, since the cause of action arose in this district, venue is proper here under § 1391(a).

### D. *Forum Non Conveniens*

██ The common law doctrine of forum non conveniens enables a court to decline jurisdiction over a case even though jurisdiction and venue may be proper. *Adkins v. Chicago Rock Island and Pacific R.R. Co.,* 54 Ill.2d 511, 301 N.E.2d 729 (1973). However, the power to grant such a motion is discretionary and should be exercised "only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum." *Torres v. Walsh,* 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601, 605 (1983). The *Torres* court emphasized several factors: first, whether an alternative forum is available; second, access to proof; third, access to witnesses; fourth, the ability to receive a fair trial; fifth, the congestion of the court dockets; and finally, convenience of the parties.

The importance of these factors was reiterated recently in *Walker v. Iowa Marine Repair Corp.,* 132 Ill.App.3d 621, 87 Ill. Dec. 807, 477 N.E.2d 1335 (1st Dist.1985), where the court stated that "unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper." 87 Ill.Dec. at 813, 477 N.E.2d at 1341.

██ Defendants fail to show that a more convenient forum exists than Cook County. Thus, in light of the factors espoused in *Torres,* transfer is denied by this Court.

In the present case, the McNallys are Illinois residents and have no contact with Hawaii sufficient to permit personal jurisdiction over them in that state. Additionally, the homeowner policy which insures the Wilmette home relates wholly to Cook County and no other county or state.

Regarding access to proof and witnesses, Illinois is the only forum. The witnesses, if any, are likely to reside in Illinois, where the contract was executed and where it will likely be performed. The only potential witnesses residing outside of this forum are the Cregors, who as parties are subject to this Court's subpoena power. The fourth and fifth factors regarding a fair trial and docket congestion do not warrant serious discussion in this case.

Lastly, although it may be inconvenient to the Cregors to defend this action in Illinois, this factor alone cannot be determinative. All other aspects of this suit are directly connected with Illinois. The facts in this case do not present an exceptional circumstance which would lead the court to deny jurisdiction over this case under the doctrine of forum non conveniens.

The court also declines the defendants' invitation to transfer this case under 28 U.S.C. § 1404. 28 U.S.C. § 1404(a) governs change of venue and provides in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The party wishing to transfer under § 1404(a) must establish "(1) that venue is proper in the transferor district; (2) that the transferor court has the power to transfer the case; and (3) that the transfer is for the 'convenience of the parties and witnesses in the interest of justice.'" *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1050 (N.D.Ill.1982). For the reasons stated in its forum non conveniens analysis, the Court finds that the defendants have failed to show a "clear

balance of inconvenience" in this district over the transferee district. *Id.*

### III.  CONCLUSION

For the reasons stated above, defendants' motions to dismiss and to transfer are denied.

IT IS SO ORDERED.