THE PEOPLE *ex rel.* GARY J. SKOIEN, Executive Director, Capital Development Board, State of Illinois, Plaintiff-Appellant, v. UTILITY MECHANICAL CONTRACTORS, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0426

Opinion filed December 20, 1990.

Neil F. Hartigan, Attorney General, and Feldman & Wasser, both of Springfield (Howard W. Feldman and Carl R. Draper, Special Assistant Attorneys General, of counsel), for appellant.

William T. Cahill, Bruce R. Meckler, and Michael J. Lyle, all of Phelan, Pope & John, Ltd., of Chicago, for appellee Utility Mechanical Contractors, Inc.

Douglas M. Reimer and Richard L. Sandler, both of McDermott, Will & Emery, of Chicago, for appellee United States Fidelity & Guaranty Co.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Capital Development Board filed a complaint in the circuit court of Champaign County against defendants Utility Mechanical Contractors (Utility) and United States Fidelity & Guaranty Co. (USF&G). On May 25, 1990, the court granted defendants' motion to transfer venue, which was based on *forum non conveniens* principles, and ordered the case transferred to the circuit court of Cook County. Plaintiff now appeals.

The genesis of this dispute is June 30, 1985. On that date, plaintiff awarded a construction contract to Utility to work on the Abbott Power Plant coal conversion project at the University of Illinois. USF&G was surety for Utility on this contract. Subsequently, plaintiff determined that Utility breached the contract in various ways and, on July 1, 1986, the contract with Utility was terminated. Plaintiff then contacted USF&G to complete the work, and USF&G declined.

In August 1986, Utility filed an action in Cook County, seeking an injunction against plaintiff's director and alleging Utility was wrongfully terminated. On August 11, 1986, the venue of this action was ordered transferred to Champaign County. Subsequently, this action was dismissed on the grounds that the Illinois Court of Claims had exclusive jurisdiction. On November 5, 1986, Utility filed an action against plaintiff in the Court of Claims which is still pending. Plaintiff ultimately retained another contractor to complete the project.

On March 9, 1990, plaintiff filed the present complaint in the circuit court of Champaign County. This complaint alleged a breach of the construction contract on the part of Utility and the breach of the surety contract on the part of USF&G.

On April 19, 1990, defendants filed a motion to change venue based on *forum non conveniens* principles, seeking to have the case transferred to Cook County. To this motion, defendants attached affidavits of the president and the general counsel of Utility. In these affidavits, it is alleged that at the time of filing an answer, defendants will name the architecture-engineering firm, CT&A, as third-party defendant, that their counsel is from Chicago, and that to litigate in Champaign County will require retention of local counsel and increase their costs. The affidavits further alleged that virtually all the discovery and witnesses necessary for trial are located in Cook County or the Chicago metropolitan area. Specifically, they alleged: (1) all documents of plaintiff, as well as three witnesses from plaintiff, are located either in Chicago or Springfield; (2) plaintiff's former counsel is in Chicago; (3) CT&A's offices and all its documents are in Chicago, as are four employees who would be witnesses; (4) USF&G's offices are in the Chicago metropolitan area, as is one employee who would be a witness; (5) the offices of the completing contractor, as well as the documents and two of its employees who would be witnesses, are in Chicago; and (6) two of Utility's subcontractors have their related documents, as well as employee witnesses, in their Chicago offices. It was further alleged that the Court of Claims case involving the same controversy was pending in Chicago. Finally, it was alleged in the affidavits that no witnesses the defendants expected to call resided in Champaign County.

Plaintiff objected to the motion and attached the affidavits of its general legal counsel and its trial counsel. In these affidavits, it is alleged that (1) one of plaintiff's employees listed as a witness by defendants actually lives in Sangamon County, while another has retired and lives part time in Florida and part time in Sangamon County; (2) an employee who had responsibility for supervising work

on the project by plaintiff's employees lives in Sangamon County; (3) one of CT&A's employees listed by defendant now lives in Pennsylvania; (4) an employee of the completing contractor whom defendants listed now lives in Florida; (5) the original records are in plaintiff's Springfield office and other documents, including shop drawing submittals of Utility and other working papers, are at the Abbott Power Plant in Champaign; (6) virtually none of the documents relating to the project are in Cook County other than copies; (7) an employee of English Brothers Construction, as well as employees of R.H. Bishop, both located in Champaign County, have knowledge of the facts concerning the progress of the construction; (8) one particular employee, who resides in Champaign, and other employees of the University of Illinois have knowledge of the delays caused by Utility and the effect those had on the university; and (9) employees of Monitrol, located in Farmington Hills, Michigan, a supplier of control equipment integral to the dispute, also have knowledge of the progress of the construction.

On May 25, 1990, the court entered a docket order which provided:

> "Motion of defendants to transfer venue; considering memo-
> randa with affidavits filed in support and opposition and the
> factors held relevant by *Bland v. Norfolk & Western Railway
> Company* (1987), 116 Ill. 2d 217, the motion is granted."

Plaintiff now appeals this decision.

■ *Forum non conveniens* is a doctrine founded in considerations of fundamental fairness and sensible and effective administration. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730.) In application of these basic considerations, a court may decline jurisdiction of a case whenever it appears there is a forum that can better serve the convenience of the parties and the ends of justice. (*Adkins*, 54 Ill. 2d at 514, 301 N.E.2d at 730.) This analysis applies to intrastate transfers as well as to interstate transfers. See *Torres v. Walsh* (1983), 98 Ill. 2d 338, 350-51, 456 N.E.2d 601, 606-07.

■ In resolving *forum non conveniens* questions, a court must balance private interest factors affecting the convenience of the litigants and public interest factors affecting the administration of the courts. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291, 1294.) Private interest factors to be considered are the convenience of the parties, the relative ease of access to sources of proof, the accessibility of witnesses, the possibility of a view of the premises or the site, and all other practical problems that

make the trial of a case easy, expeditious, and inexpensive. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105-06, 554 N.E.2d 209, 211; *Bland,* 116 Ill. 2d at 224, 506 N.E.2d at 1294.) Relevant public factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. *Griffith,* 136 Ill. 2d at 106, 554 N.E.2d at 211; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, 520 N.E.2d 368, 372.

Another important consideration under the *forum non conveniens* doctrine is the deference given to plaintiff's choice of forum. (*Griffith,* 136 Ill. 2d at 106, 554 N.E.2d at 211.) If the chosen forum is the plaintiff's home forum, that choice will be given substantial deference; otherwise, the deference to plaintiff's choice is considerably lessened. (*McClain,* 121 Ill. 2d at 289, 520 N.E.2d at 372-73.) The current balancing test is an uneven one which requires that in order to justify a change of venue, the relevant factors, viewed in their totality, must strongly favor transfer to the forum suggested by defendant. (*Griffith,* 136 Ill. 2d at 107, 554 N.E.2d at 212.) The trial court is vested with broad discretion in making this determination, and its decision will be reversed only if it is shown that the court abused its discretion in weighing the relevant factors. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117-18, 497 N.E.2d 745, 747.

Initially, defendants maintain that this court must give great deference to the trial court's determination. It is correct that it is not our role to substitute our judgment for that of the trial court or to decide whether we would have weighed the factors differently. (*Griffith,* 136 Ill. 2d at 115, 554 N.E.2d at 215.) Unfortunately, in the instant case, the court did not indicate specifically how it weighed the factors and which ones it found controlling. Therefore, it is necessary for us to review the factors ourselves. In doing so, we conclude that the balance of the factors does not strongly favor defendants and that the court's decision is therefore erroneous.

In analyzing the public factors, we first note that all the parties agree that the Cook County courts are more congested. In fact, the records indicate that cases in Champaign County are resolved, on the average, eight months sooner than those in Cook County, and that the backlog in Champaign County is also significantly less than in Cook County.

We also view this case as one of local interest to Champaign

County. Defendants insist otherwise. They acknowledge that the dispute arose out of the construction contract involving the Abbott Power Plant. However, they observe the project is now completed and, therefore, the interest to the residents of Champaign County is lessened. They argue that the dispute is really a contract dispute between themselves, located in Cook County, and plaintiff, located in Cook and Sangamon Counties. Therefore, they believe since the parties affected by the contract have their connections with Cook County, it is Cook County which has the local interest in the case.

However, defendants are misfocusing on the fact the power plant construction project is now complete. To carry this argument to its logical conclusion, defendants would have us hold that once the underlying conduct of a suit is completed, the forums in which the parties reside or have other contacts would have more of an interest in the outcome of the dispute than the forum in which the underlying conduct occurred. This makes little sense, and no court has been found to so hold. In fact, in *Griffith*, the supreme court found the forum in which an airplane took off had as much of a local interest in a suit as the forum in which the plane crashed.

In the present case, it is clear the dispute arose over construction of the Abbott Power Plant and is centered on whether defendant was complying with the contractual requirements during the construction. This facility is a major source of energy to the University of Illinois and the community. Whether the project was being constructed along the lines of the contract would be of significant local interest. The fact that construction has been subsequently completed by a third party has no impact on that conclusion.

In view of the above conclusion, we similarly find there is no unfair burden in imposing the responsibilities and costs of jury duty on the Champaign County residents.

In turning to the relevant private interest factors, we first address the relative ease of the parties' access to the sources of proof. Defendants point primarily to the location of various documents and witnesses. They maintain all the documents are located in Cook County. They also observe all the witnesses they refer to, which need to be deposed, are in Cook County. However, plaintiff has asserted in its affidavits that necessary witnesses are also located in Champaign and Sangamon Counties, as well as out of State. Plaintiff further argues that many of the necessary documents are located at the Abbott Power Plant in Champaign, as well as its office in Springfield.

The production of documents being a relatively simple, inexpensive task would not place an undue burden on either party. Further,

many of the necessary documents may already be kept in Champaign County. Similarly, the fact that many of defendants' witnesses who need to be deposed are located in Cook County does not seem significant. Plaintiff has established other witnesses needing to be deposed are located elsewhere. The taking of a deposition is generally a routine task. Here, the counsel of all the parties are from Chicago. Thus, the taking of depositions in Cook County would be a relatively simple task for all involved. We further observe that regardless of the forum of the trial, these depositions would most likely be taken. Accordingly, it is difficult to see how the location of the trial would have a very significant impact on the access of the parties to this proof. Regardless, we conclude that no undue burden is placed on the parties in getting to the proof by having the trial located in Champaign County.

The only factors which could possibly be construed to favor defendants are the availability of witnesses and the convenience of the parties. Defendants argue that all their witnesses are located in Cook County. Therefore, they maintain that to ease the burden on these witnesses, a forum in Cook County would be more appropriate. However, plaintiff established that some of the witnesses defendants rely on actually are located in Springfield and out of State, and plaintiffs have presented other witnesses located in Champaign County and out of State. Thus, since Springfield is closer to Champaign than Chicago, it would seem that moving the trial to Cook County would inconvenience these witnesses. It appears, then, that this factor, favoring neither party, is properly considered as neutral.

■■ Defendants also argue that their offices and attorneys are located in or near Cook County. They maintain that to defend in Champaign County would increase their costs and make the trial more inconvenient. They also point out that plaintiff's counsel is in Chicago, as is one of plaintiff's offices. They further observe that the Court of Claims case involving the same parties and based on the same controversy is located in Chicago. Therefore, they maintain it would be more efficient and economical to move this case to Cook County. However, it is unclear why this would be so efficient, since there is no indication that these cases would be consolidated and there is no other specific indication of how this savings would be made. We also observe the residence of counsel is not relevant to a *forum non conveniens* determination. *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 653, 471 N.E.2d 230, 235.

■■ Thus, in balancing these factors, we find the convenience of the parties marginally on the side of the defendants. On plaintiff's side we find the local interest in the controversy, the relatively uncon-

gested state of the Champaign County courts, and the deference due plaintiff's choice. All other factors appear neutral. As our supreme court has repeatedly stated, "[U]nless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum." (*Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607.) Here, that balance does not so favor defendants. Accordingly, we find the court's determination to be an abuse of discretion.

Reversed.

SPITZ and KNECHT, JJ., concur.